**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No: 26-cv-3228-H-DEB |
| Plaintiff, | **ORDER GRANTING EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |
| vs. | |
| JOHN DOE subscriber assigned IP address 76.33.16.173, | |
| Defendant. | **[DKT. NO. 4]** |

Before the Court is Plaintiff's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Dkt. No. 4. No defendant has been named or served; therefore, no opposition was filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.

**I. BACKGROUND**

On April 23, 2026, Plaintiff filed a complaint against Defendant "John Doe," who allegedly subscribes to and is assigned Spectrum, Internet Protocol ("IP") address 76.33.16.173. Dkt. No. 1. Plaintiff Strike 3 Holdings, LLC is the owner of numerous adult motion pictures, which Plaintiff distributes through adult websites and DVDs. *Id.* Plaintiff asserts Defendant is committing "rampant and wholesale

1

copyright infringement" by downloading, recording, and distributing copies of Plaintiff's copyrighted motion pictures without authorization through the use of the BitTorrent file distribution network. *Id.*

In this motion, Plaintiff seeks leave to conduct early discovery to learn Defendant's identity, prior to the mandated Rule 26(f) conference. Dkt. No. 4. Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena under Federal Rule of Civil Procedure 45 on Spectrum to determine the name and address of the subscriber to the IP address at issue. Dkt. No. 4-1 at 7–8. Plaintiff seeks only "the true name and address of Defendant." *Id.* at 8. Additionally, Plaintiff represents to the Court it will only use this information to prosecute the claims made in its complaint. *Id.*

## II. LEGAL STANDARD

A party is generally not permitted to obtain discovery before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, courts may authorize limited discovery so a plaintiff may identify and serve an unknown defendant. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) ("[C]ourts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant.").

Consistent with this generally recognized exception to Rule 26(f), the Ninth Circuit has held that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

2

26-cv-3228-H-DEB

A party who requests early or expedited discovery must demonstrate good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). Good cause is established through a balancing test "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

To evaluate "good cause" for early discovery to identify John Doe defendants, district courts in the Ninth Circuit consider whether the plaintiff: (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578–80. Additionally, the plaintiff must demonstrate the discovery will likely lead to identifying information that will permit service of process. *Id.* at 580. These factors ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Id.*

## III. DISCUSSION

Plaintiff contends there is good cause for this Court to allow expedited discovery. Dkt. No. 4-1 at 11–17. The Court agrees.

### A. Identification of Missing Party with Sufficient Specificity

To satisfy the first prong, Plaintiff must demonstrate the unknown defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. District courts in this circuit have determined "a

3

plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, 12-cv-0186-MMA-RBB, 2012 WL 12884688, at *4 (S.D. Cal. May 4, 2012); *see Openmind Solutions, Inc. v. Does 1-39*, No. C-11-3311-MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (same). Other courts have concluded that merely identifying the IP addresses on the day of the alleged infringement satisfies this factor. *808 Holdings*, 2012 WL 12884688, at *4 (collecting cases).

Here, Plaintiff has identified the Doe Defendant with sufficient specificity. First, Plaintiff supports the present motion with a declaration by Jorge Arco, an independent contractor hired by General Media Systems LLC, the parent company of Plaintiff, as a Lead Systems Administrator and Enterprise Architect. Dkt. No. 4-2 at 3–19 ("Ex. A"). Arco declares he "was part of a team that developed the infringement detection system VXN Scan … which Strike 3 both owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." Ex. A at 9. Arco explains the VXN Scan system in detail, which involves, in part, the development of a proprietary BitTorrent client that emulates the behavior of a standard BitTorrent client by repeatedly downloading data pieces from peers within the BitTorrent network that are distributing Plaintiff's movies. *Id.* at 12–13. Arco testifies that another component of the VXN Scan system is the PCAP2 Recorder/Capture Card, which records the IP addresses connecting to the Proprietary Client and sending the infringed copies of Plaintiff's

movies to the Proprietary Client through the BitTorrent network. *Id.* at 12. Not only does a PCAP (i.e., Packet Capture) contain the IP addresses used in the network transaction, it also records the port number and BitTorrent client used to accomplish each transaction, and the "Info Hash" associated with the infringing computer file, which reflects the metadata of the underlying .torrent file being shared without authorization. *Id.* at 13. The PCAP Capture Card records PCAPs in real time and records perfect copies of every network packet received by the Proprietary Client. *Id.* Although this Order touches only on two of the components of the VXN Scan system, Arco's declaration sets forth additional details of all six components of the system, providing the Court a thorough understanding of how the system reliably pinpoints the IP addresses used by individuals allegedly infringing Plaintiff's movies.

Second, Plaintiff submits a declaration by Patrick Paige, a computer forensics expert retained by Plaintiff to analyze and retain forensic evidence captured by the VXN Scan system. Dkt. No. 4-2 at 21–26 ("Ex. B"). Paige explains that VXN Scan recorded numerous BitTorrent computer transactions with IP address 76.33.16.173 in the form of PCAPs, and that he reviewed the PCAP to confirm that it evidences a recorded transaction with that IP address on April 6, 2026, at 02:02:49 UTC involving the IP address uploading a piece or pieces of a file corresponding to the hash value that is unique to one of Plaintiff's movies. Ex. B. at 24–25. Strike 3 has determined that Spectrum owns Defendant's IP address. Dkt. No. 4-1 at 17. Paige testified that based on his experience in similar cases, Defendant's ISP, Spectrum, is the only entity that can correlate the IP address 76.33.16.173 to its subscriber to pinpoint Defendant's identity. Ex. B at 26.

Third, Plaintiff submits a declaration by Susan Stalzer, one of Plaintiff's employees who verified that each digital file that the Proprietary Client received through its transactions with IP address 76.33.16.173 is a copy of one of Plaintiff's

5

copyrighted works, by viewing the unauthorized motion pictures corresponding with the file hashes side-by-side with Plaintiff's original movies. Dkt. No. 4-2 at 29–30 ("Ex. C"); *see also* Dkt. No. 1-2 (Exhibit A to the complaint, listing the hash values of the 24 torrent files received by the Proprietary Client from the IP address 76.33.16.173.

Finally, Plaintiff provides a declaration by Emilie Kennedy, Plaintiff's in-house General Counsel. Dkt. No. 4-2 at 32–35 ("Ex. D"). Kennedy explains that after Plaintiff received infringement data from VXN Scan identifying IP address 76.33.16.173 as infringing its works, the IP address was automatically input into Maxmind's Geolocation Database, which traced the IP address location to San Diego, California, within this Court's jurisdiction. Ex. D. at 33. Plaintiff has since repeated the trace through the Geolocation Database twice more, prior to filing the complaint and prior to filing the present Motion, confirming the IP address continues to trace to this District. *Id.* The Court is satisfied that these multiple geolocation traces over the course of multiple months indicating that the Defendant is in San Diego are reliably accurate.

Based on the information above, the Court concludes Plaintiff makes a sufficient showing that it seeks to sue a real person subject to the Court's jurisdiction. Likewise, the information sought will likely enable Plaintiff to identify and serve Defendant; and, there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible. Therefore, the Court finds Plaintiff satisfied the "sufficient specificity" threshold.

### B. Previous Attempts to Locate Defendant

Next, Plaintiff is required to describe all steps taken to identify the Doe defendant in a good-faith effort to locate and serve them. Plaintiff states that it attempted to locate Defendant by searching for Defendant's IP address using online

search engines and other web search tools. Dkt. No. 4-1 at 14. Plaintiff also reviewed numerous sources of authority such as legislative reports, agency websites, informational technology guides, regarding whether it is possible to identify such a defendant by other means, and extensively discussed this issue with its computer investigators and cyber security consultants. *Id.* Despite these efforts, Plaintiff could not identify the Defendant. *Id.*; *see also* Ex. B at 26. Thus, the Court finds Plaintiff has shown a good-faith effort to identify and locate Defendant before resorting to filing the instant motion.

## C. <u>Whether Plaintiff Can Withstand a Motion to Dismiss</u>

Lastly, Plaintiff must establish it could survive a motion to dismiss. *See Columbia Ins.*, 185 F.R.D. at 579. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To present a prima facie case of copyright infringement, Plaintiff must show: (1) ownership of a valid copyright; and (2) that Defendant violated the copyright owner's exclusive rights under the Copyright Act. *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012). In addition, for direct infringement, Plaintiff is required to show causation by Defendant. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

The complaint alleges Plaintiff owns a valid copyright in the works at issue, which are registered with the United States Copyright Office. *See* Dkt. No. 1 (Compl. at 7–8). Plaintiff's complaint also alleges Defendant used BitTorrent to copy and distribute the copyrighted works without authorization, and that the infringement was continuous and ongoing. Dkt. No. 1. Although the Court is not conclusively deciding the matter, it appears the complaint could withstand a motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, and for good cause shown, the Court **GRANTS** Plaintiff's Motion for leave to serve a subpoena prior to a Rule 26(f) conference. Dkt. No. 4. However, the Court is cognizant of the potential embarrassment of being identified in this type of case and "shares the growing concern about unscrupulous tactics used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses." *Malibu Media, LLC v. Does 1-5*, No. 12-Civ-2950-JPO, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012). Anticipating and sharing these concerns, Plaintiff invites the Court to issue a protective order establishing procedural safeguards if the Court finds such procedures appropriate, which the Court does below. Dkt. No. 4-1 at 18.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff must attach a copy of this Order to any subpoena.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with **only** the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the complaint. The ISP must **not** release the Defendant's telephone number or email address.

3. Within fourteen (14) calendar days after service of the subpoena, the ISP must notify the subscriber that his or her identity has been subpoenaed by Plaintiff. The ISP must also provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

4. The subscriber whose identity has been subpoenaed must have thirty (30) calendar days from the date of such notice to challenge the disclosure of his or her name and contact information by filing an appropriate pleading with this Court contesting the subpoena. A subscriber who moves to quash or modify the subpoena may proceed anonymously as "John Doe," and must remain anonymous until the Court orders that the identifying information may be released.

5. If the ISP wishes to move to quash the subpoena, it must do so before the subpoena's return date, which must be at least forty-five(45) days from service. If a motion to quash or other challenge is brought, the ISP must preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

6. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a **copy** of this Order to Defendant. The term "cable operator" means any person or group of persons:

    (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

    (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states: A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its complaint. If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated:  June 22, 2026

_____
Daniel E. Butcher
United States Magistrate Judge

9